IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:13-CV-00113-RLV-DCK

| | |
|---|---|
| GULF COAST BANK & TRUST COMPANY, SUCCESSOR BY ASSIGNMENT TO THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR PARKWAY BANK, </br></br>　　　　Plaintiff, </br></br>　v. </br></br> MINGO TRIBAL PRESERVATION TRUST, JESSE W. HORTON JR., TRUSTEE, AND JESSE W. HORTON, JR., INDIVIDUALLY, </br></br>　　　　Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendants' Motion to Remand this action to the Superior Court of Caldwell County, State of North Carolina (the "Motion"). [Doc. No. 57]. Plaintiff has opposed the Motion and contends that jurisdiction properly remains with this Court. *See* [Doc. No. 58]. Having closely scrutinized the parties' arguments, the record, and applicable law, the Court enters the following order.

This matter involves state-law claims originally brought in the Superior Court of Caldwell County by a North Carolina bank, Parkway Bank, in an effort to recover a deficiency and other damages arising from the Defendants' alleged default on a multi-million dollar secured loan. *See, e.g.*, [Doc. No. 1-1]; [Doc. No. 2-12]. The case proceeded in state court for a little more than two years before it was removed to this Court. *See* [Doc. No. 1]. The matter was removed at the behest of the Federal Deposit Insurance Corporation (the "FDIC") after Parkway Bank was closed by the

North Carolina Office of the Commissioner of Banks and the FDIC was appointed as receiver. *See* [Doc. No. 1] at p. 2 (¶6). The FDIC noticed removal of this matter pursuant to 12 U.S.C. § 1819, a removal statute governing cases where the FDIC "is a party." *See* 12 U.S.C. § 1819(b)(2)(A).

Since that time, the case has progressed in this Court – though the progression has not been without delays. On January 28, 2016, the FDIC was dismissed from this action and Gulf Coast Bank & Trust Company ("Gulf Coast") was added as the Plaintiff. [Doc. No. 51]. Plaintiff Gulf Coast was substituted for the FDIC because Gulf Coast "is now the holder of the subject loan documents and the real party in interest in this action . . . ." *Id.* at p. 1. Shortly thereafter, on February 9, 2016, Defendants moved to remand this matter to the North Carolina state court system. [Doc. No. 57]. Plaintiff has opposed the Motion. [Doc. No. 58]. Defendants' Motion is now ripe for consideration.

Absent diversity of citizenship,[1] the only basis for removal is "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case that has been removed to federal court "shall be remanded" "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Gravitt v. Sw. Bell Tel. Co.*, 430 U.S. 723, 723-24 (1977). Per federal statute, "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). Thus, Section 1819 of Title 12 of the United States Code deems state law causes of action to "arise under the laws of the United States" when the FDIC is a party to a case, and therefore confers to the federal courts, under those specific circumstances, federal question jurisdiction over claims

---

[1] Plaintiff contends, in the alternative, that diversity jurisdiction is proper in this case if federal question jurisdiction is lacking. *See* [Doc. No. 58] at pp. 8-10. Because the Court finds that federal question jurisdiction remains and, in the alternative, supplemental jurisdiction is appropriate, the Court does not reach this contention.

that are otherwise based in state law. *Id.* Once the FDIC becomes a party to a particular action, it may remove the action from a state court to an appropriate United States federal court. *See* 12 U.S.C. § 1819(b)(2)(B).

Absent from the statutory scheme, however, is a categorical articulation as to the effect had on a federal court's subject matter jurisdiction when the FDIC removes a case to federal court and is subsequently dismissed as a party to the action. Specifically, a question arises as to whether the federal court retains federal question jurisdiction or whether the jurisdictional basis underlying removal disappears once the FDIC leaves the removed action. In the latter circumstance, the door is opened to a discretionary remand to the state courts. Defendants argue that, as a result of the FDIC's dismissal from this suit, the basis for federal jurisdiction and the federal interests supporting jurisdiction have vanished. *See* [Doc. No. 57-1] at pp. 4-12. Defendants argue that the plain meaning of the removal statute, 12 U.S.C. § 18-19(b)(2)(A), establishes that once the FDIC no longer "is a party" to the action, then the complaint's claims no longer "arise under the laws of the United States" and, therefore, federal question jurisdiction is lacking. *Id.*

Plaintiff argues, on the other hand, that the meaning of "is a party" is ambiguous, and therefore congressional intent must be observed. *See* [Doc. No. 58] at pp. 3-6. In support of this contention, Plaintiff cites the decisions of other circuit courts of appeals that have found the phrase "is a party" to be ambiguous. *Id.*; *see also Lindley v. FDIC*, 733 F.3d 1043 (11th Cir. 2013); *Adair v. Lease Partners, Inc.*, 587 F.3d 238 (5th Cir. 2009); *Casey v. FDIC*, 583 F.3d 586 (8th Cir. 2009); *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97 (2d Cir. 1999). These cases resolve the purported ambiguity by turning to congressional intent and denote that federal question jurisdiction must only be present at the time of the removal – i.e., that "is a party" means that the FDIC must only be a party *at the time of removal* rather than throughout the course of the litigation. Thus, Plaintiff

maintains that federal question jurisdiction remains with this case despite the fact that the FDIC has been dismissed, merely because the FDIC "was" a party at the time of removal.

This question appears to be one of first impression in the Fourth Circuit and is properly presented by the parties for a resolution. Ultimately, the question fundamentally turns on what the appropriate definition of "is" *is* in the context of this removal statute and the circumstances of this case. In other words, the Court must answer whether "is" means that the FDIC must only be a party at the time of removal to confer continuing federal question jurisdiction or whether "is" means the FDIC must be a party to the action at all times, otherwise federal question jurisdiction is lacking. The Court finds that the former interpretation is more appropriate given the persuasive authority contained in the opinions of the circuit courts of appeal cited by Plaintiff. Further, even assuming federal question jurisdiction is lacking, the Court clearly has the discretionary authority to exercise its supplemental jurisdiction to retain this case on its docket. *See* 28 U.S.C. § 1367; *accord Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (declining to rule on the issue and holding supplemental jurisdiction allowed retention of the action after the FDIC's dismissal); *New Rock Asset Partners, LP v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1494-95 (3d Cir.1996) (finding discretionary supplemental jurisdiction exists even where original federal question jurisdiction vanishes). Accordingly, the Defendant's Motion (Doc. No. 57) is **DENIED**.

Finally, while acknowledging that the parties wish to conduct further discovery, the Court observes that this matter has lingered on the docket for far too long. Accordingly, the Court will set the trial of this matter to occur during the Court's **November 2016 Term**. The parties are hereby **ORDERED** to file a motion, within **SEVEN (7) DAYS** of the date of this Order, indicating agreeable deadlines for the conclusion of discovery and all other matters that must take place prior to trial. Such motion will be referred to the Honorable David Keesler for consideration.

**SO ORDERED**.

Signed: April 15, 2016

Richard L. Voorhees
United States District Judge